KARLA J. KRAFT, State Bar No. 205530
 kkraft@stradlinglaw.com
JOHN WICKER, State Bar No. 292023
 jwicker@stradlinglaw.com
NICOLE L. CARBONEL, State Bar No. 329262
 ncarbonel@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH
A Professional Corporation
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: 949 725 4000
Facsimile: 949 725 4100

Attorneys for Defendant
AFR GROUP, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ELIDET BORDON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AFR GROUP, LLC, a limited liability company; CAREER STRATEGIES TEMPORARY, INC. a corporation; and DOES 1 through 5, inclusive,<br><br>Defendants. | CASE NO.<br><br>**DEFENDANT AFR GROUP, LLC'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT TO FEDERAL COURT UNDER 28 U.S.C. §§ 1441(a) AND 1331 (FEDERAL QUESTION)**<br><br>**(Los Angeles Superior Court Case No. 21STCV20152)** |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

NOTICE OF REMOVAL OF ACTION

4847-9118-7962v1/106034-0006

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1441(a), 1331, and 1446, defendant AFR Group, LLC ("Defendant" or "AFR"), hereby removes the above-captioned action ("Action") to this Court from the Superior Court of the State of California, County of Los Angeles. As set forth below, Defendant has complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant avers as follows:

## PROCEDURAL HISTORY

1. On May 28, 2021, plaintiff Elidet Bordon ("Plaintiff") filed a Complaint against Defendants in the Superior Court of the State of California, County of Los Angeles, Case Number 21STCV20152 (the "Complaint"). A true and correct copy of the Complaint and its accompanying documents is attached as **Exhibit A**. The Complaint was not served on Defendants.

2. On August 9, 2021, Plaintiff filed a First Amended Complaint (the "FAC") alleging causes of action for: (1) Failure to Pay Overtime Wages in Violation of Labor Code § 510; (2) Unpaid Overtime Wages in Violation of Fair Labor and Standards Act; (3) Unpaid Overtime Wages Unpaid Wages and Failure to Pay Minimum Wages; (4) Labor Code § 203 Waiting Time Penalty; (5) Failure to Provide Compliant Itemized Wage Statements; (6) Failure to Reimburse and Indemnify for Expenditures; (7) Labor Code § 1102.5 Retaliation; (8) Wrongful Discharge in Violation of Public Policy; and (9) Private Attorneys General Act. A true and correct copy of the FAC and all accompanying documents served with the FAC is attached as **Exhibit B**.

3. Pursuant to California Code of Civil Procedure Section 415.30(c), service on AFR was deemed complete on August 30, 2021. This is the date counsel for AFR signed and returned the Notice and Acknowledgement of Receipt—Civil

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2
NOTICE OF REMOVAL OF ACTION

4847-9118-7962v1/106034-0006

("Acknowledgement").  A true and correct copy of the Notice and Acknowledgement of Receipt—Civil is attached as **Exhibit C**.

4. AFR filed and served its Answer to Plaintiff's FAC ("Answer") in the Los Angeles County Superior Court on September 28, 2021. A true and correct copy of AFR's Answer to the FAC is attached as **Exhibit D**.

5. On September 27, 2021, Plaintiff filed a request to dismiss Defendant Career Strategies from the lawsuit. A true and correct copy of the request for dismissal is attached as **Exhibit E**.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

6. This Notice of Removal is timely insofar as it is filed within 30 days of completed service of the Summons and FAC on AFR, the later-served defendant in this action. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) ("named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service") (emphasis supplied); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (adopting later-served rule for removal deadline); *Star Varga v. United Airlines*, No. C 09-02278 SI, 2009 U.S. Dist. LEXIS 64000, at *7 (N.D. Cal. July 24, 2009) ("Formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period because it 'assures defendants adequate time to decide whether to remove an action to federal court.'"); *Horn v. Experis US, Inc.*, No. 2:20-cv-00212-JAM-CKD (PS), 2020 U.S. Dist. LEXIS 107267, at *6 (E.D. Cal. June 18, 2020) ("The thirty-day period begins to run when formal service of process is completed on the defendant in accordance with state law.").

7. Following a settlement agreement between Plaintiff and Defendant Career Strategies, Plaintiff filed a request to dismiss Career Strategies from the

lawsuit on September 27, 2021. Accordingly, AFR is not required to obtain Career Strategies' consent to remove this action. Further, to AFR's knowledge, no fictitious "Doe" has been identified or served in this action. As such, their consent to this removal is not required.

8. Removal from the Superior Court of the State of California, County of Los Angeles to the Central District of California is proper because this District includes Los Angeles County, California. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c).

9. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders filed the Action are included with the filing of this Notice as follows:

    a. **Exhibit A** – Complaint, Summons, Notice of Case Assignment
    b. **Exhibit B** – FAC, Summons, Civil Case Coversheet, Notice of Case Reassignment & Order for Plaintiff to Give Notice; Certificate of Mailing; Notice of Case Management Conference
    c. **Exhibit C** – Notice of Acknowledgment and Receipt
    d. **Exhibit D** – Answer
    e. **Exhibit E** – Plaintiff's Request for Dismissal
    f. **Exhibit F** – Proofs of Service of Summons
    g. **Exhibit G** – Notice of Posting of Jury Fees
    h. **Exhibit H** – Plaintiff's Case Management Statement
    i. **Exhibit I** – Plaintiff's Notice of Electronic Service Request

10. After filing this Notice of Removal, AFR will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California, County of Los Angeles, and will serve a copy on counsel for Plaintiff, as required by 28 U.S.C. § 1446(d).

11. Therefore, all procedural requirements set forth in 28 U.S.C. § 1446 have been satisfied.

## GROUNDS FOR REMOVAL

12. This Court has original jurisdiction over actions involving one or more federal questions. 28 U.S.C. § 1331 (conferring original jurisdiction upon federal courts for actions arising under the laws of the United States). Further, this Court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original [federal question] jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

**A.     This Court Has Federal Question Jurisdiction Based on the Fair Labor Standards Act**

13. A case presents a "federal question" if a claim "'aris[es] under the Constitution, laws, or treaties of the United States.'" *Sullivan v. First Affiliated Securities, Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (quoting 28 U.S.C. § 1331).

14. This action is removable under 28 U.S.C. § 1441(a) because Plaintiff's FAC presents a federal question, in that Plaintiff's second cause of action for Unpaid Overtime Wages in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq*.) ("FLSA") arises under the laws of the United States, to which this Court has original jurisdiction under U.S.C. § 1331.

15. Plaintiff alleges that she received "less than the legal overtime compensation, pursuant to the Fair Labor Standards Act at 29 United States Code section 201, *et seq*." (FAC at ¶ 26.)

16. Based on this second cause of action under the FLSA, Plaintiff seeks liquidated damages and attorney's fees under the 29 U.S.C. § 216(b). (FAC at ¶ 26.)

17. This FLSA action therefore presents a federal question over which this Court has original jurisdiction. 28 U.S.C. § 1331; *see also Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1074 n.1 (9th Cir. 2016) ("Because [plaintiff] pleaded a claim under the FLSA, a federal law, the district court also had federal question jurisdiction"); *Leyva v. Certified Grocers of Cal.*,

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

5
NOTICE OF REMOVAL OF ACTION

4847-9118-7962v1/106034-0006

*Ltd.*, 593 F.2d 857, 859 (9th Cir. 1979) ("Both the claim under the FLSA and the claim based on a breach of the collective bargaining agreement present federal questions.").

### B. This Court Has Supplemental Jurisdiction Over Plaintiff's Related State Law Claims

18. Plaintiff asserts the remainder of her clams under the California Labor Code and California's Private Attorneys General Act ("PAGA"). Plaintiff's claims under California law arise from, relate to, and emanate from the same alleged employment relationship between Plaintiff and Defendant that is the subject of the federal question claims, and raise the same issue as to whether Plaintiff was properly compensated for minimum wages and overtime, properly paid wages upon separation, and reimbursed for the alleged business expenses.

19. Therefore, the claims are so related that they form part of the same case or controversy as the FLSA claim. Accordingly, this Court has supplemental jurisdiction over Plaintiffs' claims under California law pursuant to 28 U.S.C. § 1367(a); *see also Garcia v. NRI USA, LLC*, No. 2:17-CV-08355-ODW-GJS, 2018 U.S. Dist. LEXIS 85059, at *8 (C.D. Cal. May 21, 2018) ("a court can exercise supplemental jurisdiction over statelaw wage-and-hour class claims when original jurisdiction is present due to an FLSA claim."); *Hernandez v. Martinez*, No. 12-CV-06133-LHK, 2014 U.S. Dist. LEXIS 112405, at *8 (N.D. Cal. Aug. 13, 2014) ("a FLSA cause of action raises a federal question, and the Court properly may exercise subject matter jurisdiction over the FLSA cause of action. Because the state law claims arise out of the same factual allegations as the FLSA cause of action, the Court exercises supplemental jurisdiction over those claims.")

### RESERVATION OF RIGHTS

20. By removing this action from the Superior Court of the State of California, County of Los Angeles, AFR does not waive any defenses available to it, all which are expressly reserved.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6
NOTICE OF REMOVAL OF ACTION

4847-9118-7962v1/106034-0006

1  21. By removing this action from the Superior Court of the State of
2  California, County of Los Angeles, AFR does not admit any of the allegations in
3  Plaintiff's FAC.
4  22. AFR also reserves the right to amend or supplement this Notice of
5  Removal. If any questions arise as to the propriety of the removal of this action,
6  AFR expressly requests the opportunity to present such further evidence or seek
7  such further discovery as may be necessary to support its position that this action is
8  removable.
9  WHEREFORE, defendant AFR removes the above-captioned action, Case
10 Number 21STCV20152, from the Superior Court of the State of California, County
11 of Los Angeles, to the United States District Court for the Central District of
12 California.

DATED:  September 28, 2021

STRADLING YOCCA CARLSON
 & RAUTH
A Professional Corporation


By:  */s/ Karla J. Kraft*
     Karla J. Kraft
     John Wicker
     Attorneys for Defendants
     AFR GROUP, LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

7
NOTICE OF REMOVAL OF ACTION

4847-9118-7962v1/106034-0006