# Exhibit A

Summons, Complaint,
Notice of Case Assignment

Case 2:21-cv-07760-MCS-RAO Document 1-1 Filed 09/28/21 Page 2 of 16 Page ID #:9

Electronically FILED by Superior Court of California, County of Los Angeles on 05/28/2021 11:33 AM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
21STCV20152

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AFR GROUP, LLC, a limited liability company; CAREER STRATEGIES TEMPORARY, INC., a corporation; and DOES 1 through 5, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ELIDET BORDON, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
Stanley Mosk Courthouse, 111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
**21STCV20152**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Matthew Gutierrez (271206), Gutierrez Derham Law Firm LLP, 26459 Rancho Parkway S, Suite 1, Lake Forest, CA 92630 (323) 676-6676

DATE: 05/28/2021          Clerk, by  Sherri R. Carter Executive Officer / Clerk of Court  , Deputy
*(Fecha)*                 *(Secretario)* D. Williams                                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* AFR GROUP, LLC, a limited liability company

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☑ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Electronically FILED by Superior Court of California, County of Los Angeles on 05/28/2021 11:33 AM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
Case 2:21-cv-07760-MCS-RAO   Document 1-1   Filed 09/28/21   Page 3 of 16   Page ID #:10
21STCV20152
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Patricia Nieto

MATTHEW GUTIERREZ, SBN 271206
mg@gutierrezderham.com
GUTIERREZ DERHAM LAW FIRM LLP
26459 Rancho Parkway S, Suite 1
Lake Forest, CA 92630
Telephone:     (323) 676-6676

Attorneys for Plaintiff, ELIDET BORDON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

### [UNLIMITED CIVIL]

| | |
|---|---|
| ELIDET BORDON, an individual,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>AFR GROUP, LLC, a limited liability company; CAREER STRATEGIES TEMPORARY, INC. a corporation; and DOES 1 through 5, inclusive,<br><br>　　　　　Defendants. | Case No.: 21STCV20152<br><br>**COMPLAINT FOR:**<br><br>1. **Failure to Pay Overtime Wages in Violation of Labor Code § 510**<br>2. **FLSA Unpaid Overtime Wages**<br>3. **Unpaid Overtime Wages Unpaid Wages and Failure to Pay Minimum Wages**<br>4. **Labor Code § 203 Waiting Time Penalty**<br>5. **Failure to Provide Compliant Itemized Wage Statements**<br>6. **Failure to Reimburse and Indemnify for Expenditures**<br>7. **Labor Code § 1102.5 Retaliation**<br>8. **Wrongful Discharge in Violation of Public Policy**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff, ELIDET BORDON, alleges as follows:

### JURISDICTION AND VENUE

　　　　1.　　This Court has jurisdiction to hear the subject matter of this complaint. This Court also has jurisdiction over each defendant, as the unlawful acts alleged herein occurred in California.

　　　　2.　　Venue is proper in this Court because of the defendants has its principal place of business in this county.

1
COMPLAINT OF ELIDET BORDON; DEMAND FOR JURY TRIAL

**PARTIES**

3. Plaintiff is an individual who at, all relevant times, has resided in California.

4. Defendant AFR GROUP, LLC ("AFR") is a limited liability company that conducted, and is conducting, business in the State of California. AFR registered the address 64 Maxwell, Irvine, CA 92618 with California Secretary of State as its principal place of business in California.

5. Defendant CAREER STATEGIES TEMPORARY, INC. ("CST"), a corporation that conducted, and is conducting, business in the State of California. CST registered the address 719 N. Victory Blvd. Burbank, CA 91502 with California Secretary of State as its principal place of business in California.

6. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-5, inclusive, and therefore sues these defendants by such fictitious names and capacities. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and on that basis alleges that each fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries were proximately caused by the conduct of such defendant.

**GENERAL ALLEGATIONS**

7. On or about August 7, 2018, CST, an employment agency, whose main office was 21031 Ventura Blvd, Suite 1005 Woodland Hills, CA 91364, hired Plaintiff.

8. At some point after August 7, 2018, CST placed Plaintiff to work for AFR in Oxnard California until about July 26, 2019. During this timeframe, there were occasions when Defendants did not pay Plaintiff for all hours worked. During this timeframe, there were occasions when Defendants did not pay Plaintiff for all overtime hours worked.

9. On or about July 26, 2019, Plaintiff became a permanent employee of AFR. Her employment with AFR continued until her termination date of June 4, 2020. During her employment with AFR, Defendant continued to fail to pay Plaintiff for all regular and overtime worked. During her employment with AFR, Defendant did not pay for all of Plaintiff's reasonable business expenses of which it knew she was incurring. During her employment with AFR, Defendant did not provide accurate itemized wage statement showing all the accurate hours worked by Plaintiff. At the end of her

employment with AFR, Defendant did not pay for all over her final wages owed because Defendant had not previously paid for all of her regular and overtime hours worked.

10. In or about May 2020, Plaintiff informed Mandy Hall, AFR's HR Manager, that AFR was not complying with the law because it was not providing legal notices regarding tenants' rights about Coronavirus-19.

11. Mandy Hall had authority to investigate what Plaintiff had reported. In response, AFR terminated Plaintiff's employment effective June 4, 2020.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE § 510

## (AGAINST ALL DEFENDANTS AND DOES 1-5)

12. Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

13. Any employee receiving less than the California legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of overtime compensation including interest and reasonable attorney's fees. Lab. Code § 1194(a).

14. "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Lab. Code § 510(a).

15. On numerous occasions during Plaintiff's employment, he worked more than eight hours per workday and more than 40 hours per workweek and was not compensated for those overtime hours worked more than eight per day and 40 per week. As such, Defendant violated Labor Code Sections 510 and 1198 because it violated the above-referenced as Industrial Welfare Commission Orders, as applicable.

16. Any "person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections . . . 1194 . . . may be held liable as the employer for such violation." Lab. Code § 558.1(a).

3
COMPLAINT OF ELIDET BORDON; DEMAND FOR JURY TRIAL

17. If the defendant does not keep accurate records of the hours worked by the plaintiff, then the plaintiff may prove the number of overtime hours worked by making a reasonable estimate of those hours. CACI 2703. As a direct and proximate result of the violations of law by Defendant, Plaintiff has worked a substantial number of hours without receiving overtime compensation, at the applicable rate, from Defendants, in accordance with California law.

18. Plaintiff has been damaged in an amount equal to the compensation to which he was entitled but was unlawfully deprived by Defendants, subject to proof at trial.

19. Pursuant to California Labor Code section 1194(a) Plaintiff is entitled to interest at the legal rate on the overtime wages owed to Plaintiff by Defendants.

20. Pursuant to California Labor Code section 1194(a), Plaintiff is entitled to an award of attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
## UNPAID OVERTIME WAGES
## (AGAINST ALL DEFENDANTS AND DOES 1-5)

21. Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

22. Any employee receiving less than the legal overtime compensation, pursuant to the Fair Labor Standards Act at 29 United States Code section 201, *et seq.*, applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of overtime compensation including liquidated damages and reasonable *attorney's fees*. 29 U.S.C. § 216(b). Thus, Plaintiff is also entitled to liquidated damages in amount equal to unpaid overtime wages.

## THIRD CAUSE OF ACTION
## UNPAID WAGES AND FAILURE TO PAY MINIMUM WAGES
## (AGAINST ALL DEFENDANTS AND DOES 1-5)

23. "Wages" includes all amounts for labor performed by employees of every description, including commission basis. Lab. Code § 200(a).

/ / /

/ / /

24. "All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."  Lab. Code § 204(a).

25. "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage . . . applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage . . ., including interest thereon, reasonable attorney's fees, and costs of suit."  Lab. Code § 1194(a).

26. Defendant failed to pay Plaintiff's wages for all time worked.  As a result, Defendants failed to pay Plaintiff the legal minimum wage.

27. Plaintiff has been harmed by Defendants' failure to minimum wages due in an amount according to proof at trial.

28. An employee receiving less than the legal minimum wage or legal overtime compensation "is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."  Lab. Code § 1194.

29. An employee receiving less than the minimum wage set by an IWC order "shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."  Lab. Code § 1194.2.

30. Plaintiff is entitled to the unpaid balance of the full wages due, minimum wages due, liquidated damages, interest, and attorneys' fees.

31. "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation."  Lab. Code § 558.1(a).

## FOURTH CAUSE OF ACTION

## LABOR CODE § 203 WAITING TIME PENALTY

## (AGAINST AFR AND DOES 1-5)

32. Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

33. "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced." Lab. Code § 203(a).

34. Defendant failed to timely pay Plaintiff her wages on her last date of work, in violation of Labor Code § 201, and failed to pay her the additional continuing wages as a penalty from the original due date, in violation of Labor Code § 203.

35. Plaintiff has been harmed by Defendant's conduct and is entitled to a statutory waiting time penalty, in an amount according to proof at trial, interest thereon, and an award of attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION

## FAILURE TO PROVIDE COMPLIANT ITEMIZED WAGE STATEMENTS

## (AGAINST AFR AND DOES 1-5)

36. Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

37. "An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing . . . (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number . . . ." Lab. Code § 226(a).

38. "Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the IWC, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation." Lab. Code § 558.1(a).

///

///

39. On or about June 3, 2020, Defendant knowingly and intentionally failed to provide an itemized statement in writing showing accurate total hours worked by Plaintiff for the current pay period.

40. "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Lab. Code § 226(e)(1).

41. An employee is deemed to suffer injury for purposes of section 226(e) if the employer fails to provide an itemized wage statement showing accurate total hours worked by Plaintiff and the employee cannot promptly and easily determine from the wage statement alone the accurate total hours worked. Lab. Code § 226(e)(2)(B)(i).

42. As a result of the knowing and intentional failure to provide compliant wage statements, Plaintiff has suffered an injury pursuant to section 226(e). As a result, Defendant is liable to Plaintiff for the amounts provided by California Labor Code § 226(e).

43. Pursuant to California Labor Code § 226(e), Plaintiff is also entitled to an award of reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

## FAILURE TO REIMBURSE AND INDEMNIFY FOR EXPENDITURES

## (AGAINST AFR AND DOES 1-5)

44. Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

45. California Labor Code § 2802(a) provides that "An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ."

46. Labor Code "Section 2802 is designed to prevent employers from passing their operating expenses on to their employees." *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal. 4th 554, 562 (2007).

47. Defendant violated Labor Code Section 2802 by passing on their operating expenses to Plaintiff, in violation of Labor Code § 2802(a).

48. Plaintiff has been damaged by Defendant's failure to pay or reimburse work expenses in an amount according to proof at trial.

49. Pursuant to California Labor Code § 2802, and other applicable statutes, Plaintiff is entitled to payment or reimbursement of expenditures, in an amount according to proof at trial, interest thereon, and an award of attorneys' fees, and costs.

## SEVENTH CAUSE OF ACTION

## LABOR CODE § 1102.5 RETALIATION

## (AGAINST AFR AND DOES 1-5)

50. Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

51. An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

52. Plaintiff disclosed information that she reasonably believed a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

53. Plaintiff disclosed that information to a person with authority over her and to another employee who has the authority to investigate, discover, or correct the violation or noncompliance.

54. Defendant believed that Plaintiff disclosed information to a person with authority over her or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, that Plaintiff reasonably believed disclosed a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation.

55. Defendant terminated Plaintiff's employment.

///

8

COMPLAINT OF ELIDET BORDON; DEMAND FOR JURY TRIAL

56. Plaintiff's disclosures were a substantial motivating factor in Defendant's decision to discharge Plaintiff.

57. Plaintiff was harmed.

58. Defendant's conduct was a substantial factor in causing her harm.

59. An aggrieved employee may bring a civil action for damages for violations of Labor Code section 1102.5. Lab. Code §§ 1102.6, 1105.

60. Plaintiff is informed, believes, and thereon alleges that Defendant, by and through its respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to interfere with, restrain or deny the exercise of, or the attempt to exercise, Plaintiff's rights under the Labor Code.

61. Plaintiff is informed, believes, and thereon alleges that in doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendant, by and through its officers, directors and managing agents acted in conscious and intentional disregard for the rights, health, and welfare of Plaintiff.

62. Defendant acted with oppression, as such term is defined in Civil Code section 3294(c)(2), in that it engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of her Labor Code rights.

63. Defendant acted with malice, as such term is defined in Civil Code section 3294(c)(1), in that it engaged in despicable conduct carried out with a willful and conscious disregard for Plaintiff's Labor Code rights.

64. Pursuant to Civil Code section 3294, as a consequence of Defendant, by and through its owners, officers, directors and managing agents' promulgation and enforcement of the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is entitled to recover her actual damages, as well as exemplary damages against Defendant, in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of said Defendant.

## EIGHTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (AGAINST AFR AND DOES 1-5)

65. Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

66. Plaintiff incorporates each allegation set forth in all of the preceding paragraphs as though set forth herein in full again.

67. Defendant's discharge of Plaintiff's employment violated fundamental public policies articulated in the state statutes, regulations, local ordinances, and applicable case law.

68. The following factors played substantial or motivating roles in Defendant's decision to discharge Plaintiff: Plaintiff's protected activity.

69. Plaintiff was harmed by Defendant's conduct. As a direct and proximate result of the actions of Defendant, Plaintiff suffered losses in earnings and benefits. The exact amount of such losses is presently unknown, and Plaintiff will seek leave of Court to amend this Complaint to set forth the exact amount when it is ascertained.

70. As a direct, proximate and foreseeable result of Defendant's conduct, Plaintiff has suffered, and continues to suffer, general damages and emotional distress, and other incidental and consequential damages and expenses in an amount according to proof at trial, and in excess of this Court's minimal jurisdiction.

71. The conduct of Defendant, and their managing agents and employees, constituted oppression, fraud, malice and was motivated by hostility and ill will, thereby entitling Plaintiff to an award of punitive damages against Defendant in an amount appropriate to punish and make an example of said Defendant.

72. Plaintiff is informed, believes, and thereon alleges that Defendant, by and through its respective corporate officers, directors, and managing agents, ordered, authorized, approved, and/or ratified the conduct herein alleged with intent to discriminate against his in violation of fundamental public policies.

73. Plaintiff is informed, believes, and thereon alleges that in doing, ordering, authorizing, approving, and ratifying the acts, policies, and practices alleged herein, Defendant, by and through its officers, directors and managing agents acted in conscious and intentional disregard for the rights, health, and welfare of Plaintiff.

74. Defendant acted with oppression, as such term is defined in Civil Code section 3294(c)(2), in that they engaged in despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights.

75. Defendant acted with malice, as such term is defined in Civil Code section 3294(c)(1), in that they engaged in despicable conduct carried out with a willful and conscious disregard for Plaintiff's rights.

76. Pursuant to Civil Code section 3294, as a consequence of Defendant, by and through its owners, officers, directors and managing agents' promulgation and enforcement of the oppressive and malicious workplace policies and practices described hereinabove, Plaintiff is entitled to recover his actual damages, as well as exemplary damages against Defendant, in an amount deemed by the trier of fact sufficient to punish, deter, and make an example of said Defendant.

## PRAYER

WHEREFORE, Plaintiff prays:

1. For compensatory special damages, in an amount according to proof at the time of trial.
2. For compensatory general damages, in an amount according to proof at the time of trial.
3. For statutory penalties pursuant to California Labor Code.
4. For reimbursement and indemnification for all work-related expenditures, in an amount according to proof at the time of trial.
5. For liquidated damages pursuant to the Fair Labor Standards Act and California Labor Code.
6. For exemplary and punitive damages in an amount deemed sufficient by trier or fact to punish, deter, and make an example of the Defendant, in an amount according to proof at the time of trial.
7. For reasonable attorneys' fees pursuant to the California Labor Code and Code of Civil Procedure.
8. For costs of suit including expert witness fees.
9. For prejudgment interest.
10. For such other and further relief as the Court may deem proper.

GUTIERREZ DERHAM LAW FIRM LLP
26459 RANCHO PARKWAY S, SUITE 1
LAKE FOREST, CALIFORNIA 92630

**DEMAND FOR JURY TRIAL**

Plaintiff ELIDET BORDON hereby demands a trial by jury.

Dated: May 28, 2021

GUTIERREZ DERHAM LAW FIRM LLP

By: _____
Matthew Gutierrez
Attorneys for Plaintiff, ELIDET BORDON

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

**COURTHOUSE ADDRESS:**
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

## NOTICE OF CASE ASSIGNMENT
## UNLIMITED CIVIL CASE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles
05/28/2021
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____D. Williams_____ Deputy

**CASE NUMBER:** 21STCV20152

**Your case is assigned for all purposes to the judicial officer indicated below.**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Patricia D. Nieto | 24 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 05/28/2021
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By D. Williams_____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

<u>INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES</u>

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**APPLICATION**
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**COMPLAINTS**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**CROSS-COMPLAINTS**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**STATUS CONFERENCE**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

<u>Class Actions</u>
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

<u>*Provisionally Complex Cases</u>
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.